UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSEPH E. HARRISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEXFORD HEALTH SOURCES, INC., )<br>JONATHAN EK, FELICIA ADKINS, )<br>DARCY HENCHMAN, and )<br>ASHLEY DARNELL, )<br>)<br>Defendants. ) | Case No. 25-cv-02188 |

**PROTECTIVE ORDER**

THIS MATTER comes before the Court on Defendants' Motion for the entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c).

The Court, having reviewed the motion, having considered the statements of the parties, and being fully advised in the premises, finds that the parties to the above-captioned action have sought or may seek discovery of documents, information, or other materials which may contain or relate to confidential, proprietary, sensitive business, technical, or financial information, or trade secrets of Defendant Wexford Health Sources, Inc., including its medical guidelines, policies, and procedures. In order to facilitate the prompt resolution of disputes over confidentiality and adequately protect material entitled to be kept confidential, the Court further finds that there is good cause for the entry of such an order.

Pursuant to the Court's authority pursuant to Fed. R. Civ. P.26(c), **IT IS HEREBY ORDERED**:

1. <u>Non-disclosure of Labeled Confidential Documents</u>. Except with the prior written consent of the party or other person originally designating a document to be labeled as a

confidential document, or as hereinafter provided under this order, no labeled confidential document may be disclosed to any person outside of this litigation.

2. <u>Previous Disclosures</u>. The terms of this protective order apply to any Wexford policies and procedures previously disclosed in response to Plaintiff's discovery requests, irrespective of whether the documents were marked Confidential.

3. <u>Permissible Disclosures</u>. Notwithstanding paragraphs 1 and 2, labeled confidential documents may be disclosed to the attorney of record for the parties in this action and their stenographic, clerical, and paralegal employees whose duties and responsibilities require access to such materials; other counsel for the parties in this action who are actively engaged in advising the parties in the conduct of this litigation and their stenographic, clerical, and paralegal employees to the extent reasonably necessary to render professional services in the litigation; and to court officials involved in this litigation (including court reporters). Such documents may be also be disclosed:

   a. to any person designated by the court in the interest of justice, upon such terms as the court may deem proper;

   b. to outside document copying services, and/or document coding or computerization services, graphics consultants, and other litigation support services; and

   c. to persons noticed for depositions or designated as case consultants or trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases the individual to

whom disclosure is to be made shall be furnished with a copy of this Protective Order and shall acknowledge that the signatory has read and understands this order.

4.      <u>Filing</u>. Labeled confidential documents need not be filed with the Clerk except when required in connection with motions filed in this matter or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk as long as they retain their status as labeled confidential documents.

5.      <u>Non-Termination</u>. The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, labeled confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed in accordance with its normal business record retention policies. Upon the request of the owner of the confidential document, the opposing party shall provide reasonable assurances, in writing, to the owner that they have complied with this provision.

6.      <u>Modification Permitted</u>. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

7.      <u>Responsibility of Parties</u>. The parties of record are responsible for employing reasonable measures to control, consistent with this order, access to and distribution of copies of stamped confidential documents. Parties shall not duplicate any labeled confidential document except working copies and for filing in court under seal.

ENTERED: _____2/5/2026_____

                                              s/ Jonathan E. Hawley
_____
JONATHAN E. HAWLEY
UNITED STATES DISTRICT JUDGE